```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
SCOTT CAWTHON,                             :
                                           :
                    Plaintiff,             :    22cv3019 (DLC)
                                           :
          -v-                              :    MEMORANDUM
                                           :    OPINION AND
PAN NUAN NUAN,                             :       ORDER
                                           :
                    Defendant.             :
                                           :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:
Steven Louis Procaccini
Nissenbaum Law Group, LLC
2400 Morris Avenue, Suite 301
Union, New Jersey 07083

DENISE COTE, District Judge:

The plaintiff has moved for entry of default judgment against defendant and seeks statutory damages under 17 U.S.C. § 504(c) in the amount of $150,000.00 for defendant's willful violation of plaintiff's copyright. For the following reasons, plaintiff's motion is granted.

## Background

Plaintiff is the creator of the Five Nights at Freddy's ("FNAF") series of video games and novels. Plaintiff owns over 200 registered copyrights related to the images of the characters in the FNAF franchise. Plaintiff maintains a

licensing entity that actively licenses the characters associated with FNAF for use in a variety of merchandise products, including apparel.

Defendant Pan Nuan Nuan is an Amazon seller based in Shanghai, China.  Plaintiff alleges that defendant "willfully and knowingly produces, promotes and distributes the Infringing Product, which are unauthorized, unlicensed and infringing reproductions of the copyrighted [FNAF] characters" on Amazon.  Plaintiff alleges that the infringing products, children's t-shirts, "copy, embody, or constitute derivative works of, the Copyrights."  Plaintiff further alleges that defendant advertised its products using plaintiff's copyrights, including in an Amazon listing titled "Five Nights at Freddy Boys Girls 3D Printed Short Sleeve T-Shirt Kids Tee Shirt XSmall Black."  On March 10, 2022, plaintiff submitted a notice of infringement to Amazon, pursuant to the Digital Millennium Copyright Act ("DMCA"), requesting removal of the defendant's listing for the infringing product.

The DMCA contains notice-and-takedown procedures that online service providers ("OSPs"), like Amazon, must follow once notified of potentially infringing material on their sites.  See 17 U.S.C. § 512.  Under the DMCA, a copyright holder must give proper notice of an alleged infringement in writing.  Id.  Upon

receipt of proper notice, the OSP must "respond[] expeditiously to remove, or disable access to" such content.  Id.  OSPs must also implement counter notification procedures to avoid liability for the wrongful removal of non-infringing content -- the OSP must provide notice to the alleged infringer and afford him or her an opportunity to submit a written counter notice.  Id.  The counter notice must include, inter alia, a statement that the individual believes in good faith that the content was mistakenly removed.  Id.  The OSP must then provide the alleged copyright holder with a copy of the counter notification and provide a notice that the removed material will be replaced in ten business days unless the alleged copyright holder files a lawsuit.  Id.

On March 10, 2022, Amazon removed the defendant's product listing from its platform in response to plaintiff's take-down notice, and in accordance with the DMCA procedures.  On March 29, 2022, defendant filed a DMCA counter notification (the "Counter Notice").  The Counter Notice stated, in relevant part,

> I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.  I therefore request that the material be replaced and/or no longer disabled. . . . My contact information is as follows: Full Legal Name: PanNuanNuan Email Address: Tengy902075@163.com Mailing Address of shanghaishisongjiangqudongjingzhenjiangchuannanerlu118

```
nong297hao102shi[.] . . . I declare under penalty of
perjury under the laws of the United States of America
that this Counter-Notification and all statements
therein are true and correct.  (V) I ACKNOWLEDGE THAT
PROVIDING FALSE STATEMENT IN A COUNTER-NOTICE MAY LEAD
TO CIVIL PENALTIES OR CRIMINAL PROSECUTION.
```

Upon receipt of the Counter Notice, Amazon notified plaintiff that the infringing products would be reinstated on Amazon's platform unless plaintiff filed a lawsuit against defendant within ten business days.

On April 12, 2022, plaintiff filed the instant action. Defendant failed to move, answer, or otherwise respond to the complaint, and on February 15, 2023, the Clerk of Court issued a certificate of default against defendant. On February 20, plaintiff moved for default judgment, seeking statutory damages in the amount of $150,000. Plaintiff served the default motion and underlying papers on defendant via email, and no response was filed by defendant. On March 24, a default judgment hearing was held. To date, the defendant has not appeared or otherwise moved with respect to the complaint.

## Discussion

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages for each infringed work, in lieu of an award of actual damages. 17 U.S.C. § 504(c). Section 504(c)(2) permits an award of up to $150,000 for willful copyright infringement. Id. A violation is willful "when a

4

defendant had knowledge that its conduct was unlawful or recklessly disregarded that possibility." Castillo v. G&M Realty L.P., 950 F.3d 155, 170 (2d Cir. 2020), as amended (Feb. 21, 2020).  "District courts enjoy wide discretion in setting statutory damages," including when a violation is held to be willful.  Id. at 171.  In determining the amount of statutory damages to award for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Id. at 171-72 (citation omitted) (award of damages for willful violation).

Defendant's copyright infringement was willful.  Courts in this district have consistently held that "[c]opyright infringement is deemed willful by virtue of a defendant's default."  Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015); see also Tetra Images, LLC v. Grahall Partners, LLC, No. 19CV05250 (PMH), 2021 WL 2809566, at *4 (S.D.N.Y. July 6, 2021).

Defendant here did more than merely default -- by filing the Counter Notice, defendant obligated plaintiff to bring the instant action to vindicate its rights or to allow Amazon's

automatic reinstatement of the defendant's listing.[1]  After shifting the burden of filing this lawsuit to plaintiff, defendant failed to appear.  Taken together, these actions certainly constitute a willful violation under § 504(c).  <u>See also</u> <u>Samsonite IP Holdings S.ar.l. v. Shenzhen Liangyiyou E-Com. Co.</u>, No. 19CV02564 (PGG)(DF), 2021 WL 9036273, at *9 (S.D.N.Y. Apr. 27, 2021) (finding defendant's false counter notices and default to be conduct "that is sufficiently knowing and ongoing to establish such willfulness" under § 504(C)).

Under the circumstances, and having considered the relevant factors, the Court finds that an award of statutory damages in the amount of $150,000.00 is appropriate.  Defendant's conduct was willful, and there is a need for deterrence of similar conduct by the defendant.  Defendant abused the statutory DMCA notification process.  In the Counter Notice, defendant stated, under penalty of perjury, that it had a good faith basis to believe the takedown was a mistake.  But, rather than appearing in the instant action to assert any potential defense, defendant failed to make any appearance.  Accordingly, the Court concludes

---

[1] Although the Court need not reach the issue of whether the Counter Notice was fraudulent, the Court notes that the mailing address of "shanghaishisongjiangqudongjingzhenjiangchuannanerlu118nong297hao102shi" does not appear to be a legitimate mailing address, and the plaintiff's case for copyright infringement here is particularly strong.

that plaintiff is entitled to an award of $150,000.00 in statutory damages. Plaintiff is entitled to post-judgment interest, which shall be calculated from the date of entry of judgment by the Clerk of Court, in accordance with 28 U.S.C. § 1961.

## Conclusion

Plaintiff's February 20, 2023, motion for default judgment against defendant is granted. Plaintiff is awarded statutory damages in the amount of $150,000.00 with post-judgment interest accruing pursuant to 28 U.S.C. § 1961. A separate Order grants the plaintiff's request for injunctive relief. The Clerk of Court is directed to enter judgment for plaintiff and close the case.

Dated:  New York, New York
        April 3, 2023

                                    _____
                                    DENISE COTE
                                    United States District Judge